# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

DONATO CARDOZA-CASTILLO,

                Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

                Respondent.

Case No. C11-1547-JLR-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Donato Cardoza-Castillo has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges the lawfulness of his continued detention without bond by the United States Immigration and Customs Enforcement ("ICE"). Dkt. No. 7. He requests that the Court order his release from custody, arguing that "such custody violates the due process rights of the Petitioner." *Id*. at 1.

For the reasons set forth below, the Court recommends that petitioner's habeas petition be DENIED, and respondent's motion to dismiss be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico, who was admitted to the United States on August 28, 1986, at age six as the child of a United States citizen. Administrative Record

REPORT AND RECOMMENDATION
PAGE - 1

("AR") at R5-19. On April 25, 2001, petitioner was convicted of the crime of false imprisonment in violation of California law and was sentenced to three years in state prison. AR at L115. The Department of Homeland ("DHS") initiated removal proceedings against petitioner charging him as subject to removal from the United States for having been convicted of an aggravated felony under the Immigration and Nationality Act ("INA"). AR at L222-23. Petitioner requested relief under INA § 310(g), claiming he derived citizenship from his father. AR at L424. An Immigration Judge ("IJ") held an evidentiary hearing and found that petitioner's father did not have ten years physical presence in the United States prior to petitioner's birth necessary for petitioner to derive citizenship. *Id*. On April 27, 2004, the IJ found petitioner removable as charged and ordered him removed to Mexico. AR at L2. Petitioner waived appeal and was removed from the United States the same day. AR at L2, L6.

Petitioner illegally reentered the United States. DHS arrested petitioner, reinstated his prior order of removal and removed him from the United States on November 2, 2004. AR at L12-35. Petitioner illegally reentered the United States again, and was ordered removed again on January 9, 2006. AR at L61-68. Petitioner illegally reentered the United States some time after January 9, 2009. *Id*.

On June 16, 2010, ICE initiated removal proceedings by filing a Notice to Appear after discovering petitioner at the Yakima, Washington County Jail where he was incarcerated for a probation violation. AR at L256, R490. Petitioner moved to terminate proceedings, arguing again that he had derived citizenship through his father, and filed an N-600 Application for Certificate of Citizenship. AR at L424, L273-79, L280-309. On January 11, 2011, petitioner renewed his motion to terminate proceedings based on new evidence. AR at L162-78. On March 17, 2011, the IJ issued an amended decision, finding that petitioner failed to present

sufficient evidence that he had derived United States citizenship from his father and ordered him removed to Mexico. AR at L419-25. Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on December 20, 2011. Dkt. No. 14, Ex. A. Accordingly, petitioner's order of removal became final on that date. INA § 101(a)(47)(B), 8 U.S.C. § 1101(a)(47)(B) (providing the order of the Immigration Judge "shall become final upon the earlier of – (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals."). Petitioner did not file a Petition for Review of the BIA's decision with the Ninth Circuit Court of Appeals.

### III. DISCUSSION

"When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'" *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004) (citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)); INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the *latest* of the following:

(i) <u>The date the order of removal becomes administratively final</u>.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added); *see also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement."). During the removal period, continued detention is required.

INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Where removal cannot be accomplished within the ninety-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6); *see Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court determined that the government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas*, 533 U.S. at 701. After this six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id*.

In the present case, the BIA denied petitioner's appeal of the IJ's removal order on December 20, 2011, thereby commencing the removal period. *See* INA § 241(a)(1)(B)(i), 8 U.S.C. § 1231(a)(1)(B)(i). Accordingly, petitioner's ninety-day removal period will expire on or about March 20, 2012, and the six month presumptively reasonable period will expire on or about June 20, 2012. Accordingly, petitioner's detention is lawful, and the Court must deny habeas relief. *See Zadvydas*, 533 U.S. at 701.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 27th day of January, 2012.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge